# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15 CR 26

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| JOSHUA SCOTT KISER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE came on to be heard before the undersigned pursuant to a Violation Report (#14) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Fredilyn Sison, and the Government was present through Assistant United States Attorney, David Thorneloe. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, denied the allegations contained in the Violation Report.

Defendant was charged in a bill of indictment (#1) with four counts of criminal conduct, each involving either the receipt, distribution or possession of

1

child pornography. A hearing was held before the undersigned in regard to detention of Defendant on May 11, 2015. On that date, the undersigned entered an Order (#7) setting conditions of release. In the conditions of release, the undersigned ordered the following:

(1) Defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(8)(p) Defendant must refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 USC § 802 unless prescribed by a licensed medical practitioner.

After the undersigned had released Defendant, Defendant was processed by the United States Probation Office. At that time, Defendant was asked by U.S. Probation Officer Mark Corbin about any illegal drug use. Defendant told Officer Corbin he had used marijuana approximately one month ago. (Gov. Exhibit #1) Later, Defendant stated to Officer Corbin he had used marijuana a week before May 11, 2015. Defendant was given a drug test at that time which tested positive for the use of marijuana. The result of the test showed that the normalized THCA value of the sample had a value of 134 ng THCA/mg Creatinine. Three days later on May 14, 2015 Defendant was required to provide urine for another drug test. At that time the normalized THCA value was 61 ng THCA/mg Creatinine. (Gov. Exhibit #10)

On June 4, 2015, Defendant was required to submit a urine sample for a third drug test. At that time the normalized THCA value was found to be 42 mg THCA/mg Creatinine.

Testimony was presented through Jenny Leiser, an expert drug analyst who is employed by the United States Probation Office. Ms. Leiser testified that marijuana has a half-life of 48 hours in the human body. She explained her testimony by advising that if a person had 134 ng THCA value immediately after smoking marijuana, that within 48 hours the level of the marijuana should be at 67 ng THCA; in 96 hours the value should be 33 ng THCA, and within twelve days, there should be no measurable ng THCA value. It was the opinion of Ms. Leiser that the Defendant had used marijuana during the period between May 14, 2015 and June 4, 2015 for the Defendant to still have a 42 ng THCA value on June 4, 2015. There was 24 days between May 11, 2015 and June 4, 2015.

There was introduced into evidence by the Government (Gov. Exhibits #1-9) which show test result reports for the test of May 11, 2015, May 14, 2015 and June 4, 2015 of Defendant's urine. The Government also introduced into evidence (Gov. Exhibit #10). This exhibit is a letter from Pat Pizzo, Director of Toxicology of Alere Toxicology Services, Inc. Ms. Leiser had sent all three urine samples for the urine tests of May 11, 2015, May 14, 2015 and June 4, 2015 to Alere and requested an

interpretation of the three specimens. In responding to Ms. Leiser's request, in the letter of June 17, 2015, it was the opinion of Pat Pizzo as follows:

> The results of the specimen collected on 5/14/15 appear to be residual elimination.
>
> It is my opinion that this offender reused marijuana prior to the collection of 6/4/15. I base this opinion on moderate use, the lack of significant decrease in the normalized level of drug present in the urine specimen collected on 6/4/15 and a urine half-life of 48 hours.

In twelve days from and after May 11, 2015, there should have been no evidence of any use of a controlled substance by the Defendant. Thus, by May 23, 2015 there should not have been any evidence of any use of a controlled substance in the body of the Defendant.

The Defendant presented evidence through Cathy Kiser who is Defendant's mother. She testified that Defendant has been residing with her and she has seen no evidence whatsoever that Defendant had been using marijuana during the period from May 11, 2015 through June 4, 2015. Mr. David Evans, who is a friend of Ms. Kiser and who resides in Ms. Kiser's home, also testified that he had been residing with the Defendant and he had seen no evidence of the Defendant's use of marijuana. Joan Hodges, maternal grandmother of the Defendant, testified that she had visited regularly in the home of her daughter, Cathy Kiser, and she saw no evidence of any drug use of Defendant. Also introduced into evidence by the Defendant are

Defendant's Exhibits # 1 & 2, showing that Defendant, of his own violation, took a drug screening test on June 22, 2015 and the test was negative for the use of marijuana or any other controlled substance.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe that Defendant committed at least a state crime while on release. The detailed chemical tests of the specimens of May 11, 2015, May 14, 2015 and June 4, 2015 of Defendant's urine show that Defendant had used marijuana at some point

at least between May 14, 2015 and June 4, 2015. It was the opinion of the Director of Toxicology of Alere Toxicology Services, Inc., Pat Pizzo, that the Defendant had reused marijuana prior to the collection of June 4, 2015. It was the opinion of the expert witness, Jenny Leiser, that Defendant had reused marijuana during the period between May 11, 2015 and June 4, 2015. Her opinion was based upon the scientific studies she performed and also based upon the report of Pat Pizzo, the Director of Toxicology. Defendant had to possess marijuana to have consumed it. The possession of marijuana is a misdemeanor under state law. N.C.G.S. § 90-95(a)(3)

There has further been shown by clear and convincing evidence that Defendant violated the term and condition of release that required him not to possess or use a narcotic drug unless it was prescribed by a licensed medical practitioner. Defendant has clearly violated this condition by possessing and using marijuana which is a drug which is not prescribed by a licensed medical practitioner.

The undersigned has further considered the presumption that is created by 18 U.S.C. § 3142(e)(3)(E). In that statute it is stated:

> subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions would reasonably assure the appearance of a person as required and the safety of the community if the judicial officer finds there is probable cause to believe that the person committed----(E) an offense involving a minor victim under Section 2252A(a)(1), 2252A(a)(2).

The bill of indictment presenting charges against Defendant charges offenses

involving those sections in counts one, two and three.  The undersigned has further considered the factors as set forth under 18 U.S.C. § 3142(g).  It appears that the offenses charged against the Defendant involve a minor victim.  The weight of the evidence against the person is at the level of probable cause.  Defendant is in good physical and mental condition, he has family ties and he has had employment and a long length of residence in the community.  The criminal record of Defendant shows he was convicted of three counts of felony disseminating obscenity in Rutherford county, NC on May 9, 2007.  It does not appear Defendant has ever failed to appear at any type of court proceeding.  At the time of the current offense or arrest, Defendant was not on probation, parole or other release pending trial, sentencing, appeal or completion of sentence.  The undersigned does find that the nature and seriousness of the danger to any person or the community that would be posed by the person's release shows that continue release of Defendant would create a risk of harm or danger to any other person or the community.  Defendant was given specific instructions by the undersigned not to use a controlled substance without a prescription and he was not to violate any federal or state law while on release.  It appears that Defendant has violated both of those instructions and as a result, the undersigned will enter an order detaining Defendant pending further proceedings in this matter.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: June 29, 2015

Dennis L. Howell
United States Magistrate Judge